In the Matter of JACOB S. LIROFF, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court, entered in Kings County, in a proceeding under CPLR article 78, which annulled appellant's evaluation of respondent as Court Clerk III and directed appellant to re-evaluate respondent to the position of Court Clerk IV, retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, Second Department. Respondent, the clerk in charge of the Criminal Term Clerk's office, claims that appellant's determination classifying him as Court Clerk III was arbitrary and capricious since his position comes within the job specification for Court Clerk IV, as set forth in the title structure for the Unified Court

System, adopted July 1, 1966. Judicial employees are entitled to be reclassified upon the basis of the duties performed prior to reclassification compared with the specifications of duties under the new classification. (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56; *Matter of Aronson* v. *McCoy*, 33 A D 2d 183, app. dsmd. 27 N Y 2d 613.) Petitioner, as clerk in charge, has supervision of Criminal Term of the Supreme Court, Kings County, including the eight parts of that term and some 23 court clerks. He is, however, subordinate to the Chief Clerk and the Deputy Chief Clerk of Criminal Term, who are in turn subordinate to the General Clerk and Deputy General Clerk of the Supreme Court, Kings County. (Both the positions of Chief Clerk and Deputy Chief Clerk of Criminal Term are presently occupied by exempt personnel. Respondent asserts that these positions will be subject to reclassification upon becoming vacant.) Thus, while petitioner has supervisory authority over Criminal Term, he is not the ultimate authority in that part of the Supreme Court, Kings County, in that he is subject to the supervision of two superiors within that part. The job classification which petitioner is seeking provides that a Court Clerk IV's duties are "subordinate in nature *only* to duties of the Chief or Deputy Chief Clerks of a *Court*." (Italics added.) Petitioner's duties do not fit this classification since he is subordinate to the Chief Clerk and Deputy Chief Clerk of Criminal Term, in addition to being subordinate to the Chief and Deputy Chief Clerks of the court. There being a reasonable basis for rejecting petitioner's application for reclassification, it cannot be said that appellant's determination was arbitrary or capricious. Judgment reversed, on the law and the facts, and petition dismissed, without costs. Reynolds, J. P., Staley, Jr. and Simons, JJ., concur; Greenblott and Sweeney, JJ., dissent, and vote to affirm, in the following memorandum: As noted by the majority, an employee is entitled to be reclassified upon the basis of the competitive status he earned by examination and the in-title duties he performed in such status prior to reclassification. In determining a reclassification, the test is therefore what duties the employee did within the title of his former classification as compared with the duties under the new classification. (*Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56; *Matter of Tonns* v. *McCoy*, 37 A D 2d 671; *Matter of Aronson* v. *McCoy*, 33 A D 2d 183, app. dsmd. 27 N Y 2d 613.) Analyzing the duties which respondent performed and those to be performed in the title sought (to which his title has recently been reclassified), Special Term found that prior to reclassification respondent performed duties in the classification of Court Clerk IV. This determination is adequately supported by the record. Although the majority is correct in its statement that petitioner is subordinate to the Chief Clerk and Deputy Chief Clerk of Criminal Term, its reading of the job classification of Court Clerk IV is too restrictive. The job description provides that a Court Clerk IV: "Under executive direction performs very highly responsible administrative duties of the widest scope, subordinate in nature only to duties of the Chief or Deputy Chief Clerks of a Court; coordinates the activities of all the locations of the Civil Court of the City of New York; may supervise a very large and important Criminal Term of the Supreme Court; or may direct a combined special and trial term calendar operation of the broadest scope and volume." Realizing that the Constitution mandates, with regard to court reorganization, that "the non-judicial personnel of the courts affected by this article in office on the effective date of this article shall, to the extent practicable, be continued without diminution of salaries and with the same status and rights in the courts established or continued by this article; and especially skilled, experienced and trained personnel shall, to the extent practicable, be assigned to like functions in the courts which

exercise the jurisdiction formerly exercised by the courts in which they were employed" (N. Y. Const., art. VI, § 35, subd. l; see Judiciary Law, § 223, subd. 1), the specification in question was correctly read by Special Term. The phrase "Chief or Deputy Chief Clerks of a Court" should reasonably be deemed to include the Chief Clerk and Deputy Chief Clerk of the Criminal Term. Only in this way can the status and rights of the respondent be retained through court reorganization. The judgment should be affirmed.